Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Defendants
Al Khalifa Group LLC, Overseek Investments, LLC,
Xtra EcigLLC, and Mohammad Khalifa

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVO Brands, LLC and PVG2, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>AL KHALIFA GROUP LLC, OVERSEEK INVESTMENTS, LLC, XTRA ECIG LLC, MOHAMMAD KHALIFA, ABBAS KHALIFA, and OMAR FDAWI, ,<br><br>    Defendants. | Case No.: 2:22-cv-03909-AB-MAR<br><br>Hon. Honorable André Birotte Jr.<br><br>**DEFENDANTS AL KHALIFA GROUP LLC, OVERSEEK INVESTMENTS, LLC, XTRA ECIG LLC, AND MOHAMMAD KHALIFA'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (ECF NO. 44)**<br><br>Date:      April 28, 2023<br>Time:     10:00 a.m.<br>Location: 350 W. 1st St.<br>               Los Angeles, CA 90012<br>               Courtroom 7B |

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on Friday April 28, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 7B, Los Angeles, CA 90012, before Honorable André Birotte Jr., Defendants Al Khalifa Group LLC, Overseek Investments, LLC, Xtra Ecig LLC, and Mohammad Khalifa (collectively, "AKG") will and hereby move the Court to dismiss Plaintiffs EVO Brands, LLC and PVG2, LLC's (collectively "EVO") Second Amended Complaint ("SAC") (ECF No. 44).

This motion is based on the accompanying Memorandum of Points and Authorities, the First Request for Judicial Notice ("First RFJN") Dkt. 27-1, concurrently filed Second Request for Judicial Notice ("Second RFJN"), and all pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

The parties met and conferred pursuant to Local Rule 7-3's meet and confer requirement on the instant motion on March 23, 2023. No resolution was reached and Plaintiffs stated that they would oppose the motion because they did not agree to dismiss the 15 U.S.C. § 1114 claim or the 15 U.S.C. § 1125(a) claim or the state Section 17200 claim.

Dated: March 30, 2023

Respectfully submitted,

MILORD & ASSOCIATES, P.C.

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendants
Al Khalifa Group LLC,
Overseek Investments, LLC,
Xtra Ecig LLC, and Mohammad Khalifa

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

# TABLE OF CONTENTS

I. Introduction ............................................................................................................. 1

II. Legal Standard ....................................................................................................... 1

III. Legal Argument ..................................................................................................... 3

    A. Plaintiffs' Products are Illegal Per Se and Their Trademark Infringement Claims Fail ..... 3

        1. FDA Warning Letter To Plaintiffs' Predecessors For Illegal Sales of Nicotine Products ........................................................................................................ 4

        2. FDA Warning Letter To Plaintiffs ............................................................. 5

    B. Plaintiffs' Puff Plus Registration Is Void For Violating The Anti-Trafficking Rule – Twice – And The First Cause Of Action Should be Dismissed ........................................ 6

    C. Plaintiffs' Section 1125(a) and Section 17200 Claims Should Be Dismissed For Failure To Provide A Plausible Date Of First Use Or Claim Senior Rights ................................. 9

IV. Conclusion ............................................................................................................ 11

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

Cases

*Antiaging Inst. of California, Inc. v. Solonova, LLC*,
  No. 15-03416-AB (FFMx), 2015 WL 12792028 (C.D. Cal. Nov. 19, 2015) .................. 2
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 1
*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 1
*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) .................................................................................... 2
*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
  174 F.3d 1036 (9th Cir. 1999) .............................................................................. 11
*Cleary*,
  30 F.3d ............................................................................................................ 9, 10
*CreAgri, Inc. v. USANA Health Sciences, Inc.*,
  474 F.3d 626 (9th Cir. 2007) ............................................................................ 9, 10
*Credit One Corp. v. Credit One Financial, Inc.*,
  661 F.Supp.2d 1134 (C.D. Cal. 2009) .................................................................. 10
*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ................................................................................ 10
*Doron Precision Systems, Inc. v. FAAC, Inc.*,
  423 F.Supp.2d 173 .................................................................................................. 7
*Drew Est. Holding Co., LLC v. Fantasia Distribution, Inc.*,
  No. 11-21900-CIV, 2012 WL 234105 (S.D. Fla. Jan. 24, 2012) ......................... 11
*E. & J. Gallo Winery v. Gallo Cattle Co.*,
  967 F.2d 1280 (9th Cir 1992) ................................................................................. 6
*Gault v. SRI Surgical Express, Inc.*,
  No. 8:12-CV-1389-T-33TGW, 2012 WL 12905183 (M.D. Fla. Sept. 26, 2012) ........... 5
*Gospel Missions of Am. v. City of Los Angeles*,
  328 F.3d 548 (9th Cir.) ........................................................................................... 2
*Grupo Gigante SA De CV v. Dallo & Co., Inc.*,
  391 F.3d 1088 (9th Cir. 2004) ................................................................................ 9
*I&I Hair Corp. v. Beauty Plus Trading Co. Inc.*,
  No. 3:20-CV-02179-M, 2021 WL 3930038 (N.D. Tex. July 13, 2021) .............. 11
*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ................................................................................ 1

*In re Stellar Int'l, Inc.*,
   159 U.S.P.Q 48, 1968 WL 8159 (T.T.A.B. 1968) ........................................................ 11
*Jooce v. Food & Drug Admin.*,
   981 F.3d 26 (D.C. Cir. 2020) ....................................................................................... 3
*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) ....................................................................................... 2
*Mackin v. City of Coeur D'Alene*,
   551 F. Supp. 2d 1205, 1207 & n. 2 (D. Idaho 2008), *aff'd,347 F*ed.Appx. 293 (9th Cir.2009)................................................................................................................. 2, 8
*Mopex v. Barclays Global Investors,*
   2003 WL 880996 (N.D.Ill. Mar. 5, 2003) .................................................................... 2
*Mullis v. U.S. Bankr. Court*,
   828 F.2d 1385 (9th Cir. 1987) ..................................................................................... 2
*Oculu, LLC v. Oculus VR, Inc.*,
   No. SACV 14-0196 DOC(JPRx), 2015 WL 3619204 (C.D. Cal. June 8, 2015) ......... 6, 7
*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
   578 F.3d 1154 (9th Cir. 2009) ..................................................................................... 9
*O'Toole v. Northrop Grumman Corp.,*
   499 F.3d 1218 (10th Cir.2007) .................................................................................... 7
*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*,
   230 F. Supp. 3d 1194 (C.D. Cal. 2017)....................................................................... 2
*Prohibition Juice Co. v. United States Food & Drug Admin.*,
   No. 21-1201, 2022 WL 2920823 (D.C. Cir. July 26, 2022) ........................................ 4
*Sebastian Brown Prods. LLC v. Muzooka Inc.*,
   No. 15-CV-01720-LHK, 2016 WL 949004 (N.D. Cal. Mar. 14, 2016) ..................... 8, 9
*Sebastian Brown Prods. LLC v. Muzooka Inc.,*
   No. 15-cv-01720-LHK, 2016 WL 5910817 (N.D. Cal. Oct. 11, 2016)........................ 7
*Sengoku Works Ltd. v. RMC Int'l, Ltd.*,
   96 F.3d 1217 (9th Cir. 1996) ..................................................................................... 10
*Steckman v. Hart Brewing, Inc*.,
   143 F.3d 1293 (9th Cir. 1998) ............................................................................... 1, 10
*Turner v. Samsung Telecoms. Am., LLC*,
   No. CV 13-00629-MWF (VBKx), 2013 U.S. Dist. LEXIS 198631, 2013 WL 12126749 (C.D. Cal. Nov. 4, 2013) ............................................................................................. 8
*United Phosphorus, Ltd. v. Midland Fumigant, Inc.,*
   205 F.3d 1219 (10th Cir. 2000)................................................................................... 9
*Wilson v. Fitter*,
   No. CV 09-1162-DDP, 2009 WL 6908049 (C.D. Cal. Nov. 5, 2009) ......................... 5
*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*,
   419 F.3d 925 (9th Cir. 2005) ..................................................................................... 10

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Statutes

15 U.S.C. § 1060(a)(1) .................................................................................... 6, 7, 8
15 U.S.C. § 1114 ............................................................................................... i, 10
15 U.S.C. § 1125(a) ................................................................................................. i
21 U.S.C. § 301 ...................................................................................................... 3
21 U.S.C. § 321(rr) ................................................................................................ 3
21 U.S.C. § 331 ...................................................................................................... 5
21 U.S.C. § 387a(b) ............................................................................................... 4
21 U.S.C. § 387j(a) ................................................................................................ 4
21 USC § 387b ....................................................................................................... 5
Pub. L. 111-31 ........................................................................................................ 3

Rules

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 2
Fed. R. Evid. 201(b) ........................................................................................... 7, 8

Regulations

21 C.F.R. §§ 1100, 1140, 1143 .............................................................................. 3
21 C.F.R. §§ 1100.1-1100.3 .................................................................................. 3
Deeming Products To Be Subject to the Federal Food, Drug, and Cosmetic Act, as
   Amended by the Family Smoking Prevention and Tobacco Control Act,
   81 Fed. Reg. 28,974 (May 10, 2016) ............................................................ 3, 4

Other Authorities

Puff Plus ITU,
   application no. 88729156 ................................................................................. 6

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

The Court dismissed EVO's First Amended Complaint because it did not plausibly assert a trademark infringement claim. The Second Amended Complaint not only fails to cure the shortcomings by failing to allege *lawful* use of any marks on nicotine products, but EVO – to multiply proceedings – reinserts a trademark registration it knows is void for violating the antitrafficking rule – twice. EVO similarly conceded the invalidity of their trademark registrations by filing the FAC in response to AKG's first motion to dismiss based on unlawful sales of nicotine products. Dkt. Nos. 21, 26. EVO does not dispute that its predecessors unlawfully sold nicotine products that vitiates any trademark rights in any "puff" term, but the attempt to distance itself from the infestation of illegality also fails because the FDA deemed EVO's sales unlawful as well. Second RFJN, Ex. 1. Thus, the Court should similarly dismiss the SAC but without leave to amend because EVO fails to plausibly plead lawful use of any mark to establish trademark rights, priority, or infringement.

## II.    Legal Standard

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a claim where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Thus, the Court should not accept EVO's fabricated first

use date of January 21, 2021, when it is contradicted by the February 19, 2021 date sworn to in its statement of use, judicially noticeable documents, and estopped based on EVO's judicial admissions in their opposition to the motion to dismiss the FAC.  *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir.),*cert. denied*,540 U.S. 948 (2003)(courts "have discretion to consider a statement made in briefs to be a judicial admission[.]"); *Mackin v. City of Coeur D'Alene*, 551 F. Supp. 2d 1205, 1207 & n. 2 (D. Idaho 2008), *aff'd*,347 Fed.Appx. 293 (9th Cir. 2009) (treating statements made by plaintiffs in their opposition to a motion to dismiss as judicial admissions); *Mopex v. Barclays Global Investors,*2003 WL 880996, at *2–3 (N.D.Ill. Mar. 5, 2003) (holding that a representation in memorandum of law in opposition to motion to dismiss constituted a judicial admission).

      The Court may consider facts subject to judicial notice at the dismissal stage without converting the movant's motion into one for summary judgment.  *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Similarly, the Court may consider "documents incorporated into the complaint by reference."  *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1203 (C.D. Cal. 2017); *accord Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Even in trademark cases, as here, "a court may consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading' without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.'" *Antiaging Inst. of California, Inc. v. Solonova, LLC*, No. 15-03416-AB (FFMx), 2015 WL 12792028, at *1 (C.D. Cal. Nov. 19, 2015) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  The incorporation by reference doctrine is permitted to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* (internal citations and quotations omitted).

## III. Legal Argument

### A. Plaintiffs' Products are Illegal Per Se and Their Trademark Infringement Claims Fail

EVO's e-cigarette and e-liquid products were not and are not approved by the Food & Drug Administration ("FDA") and cannot be legally sold in commerce, thereby no trademark rights can attach to the unlawful sales of e-cigarettes and e-liquids. Thus, because no trademark rights were established, the Puff Plus trademark registration is void because the Cool Clouds assignment of the ITU application to DS Tech and DS Tech's later assignment of the same ITU application to EVO each violates the antitrafficking rule.

The Federal Food, Drug, and Cosmetic Act (the "FD&C Act") authorizes the FDA to oversee the safety of food, drugs, medical devices, and cosmetics. 21 U.S.C. § 301 *et seq*. The Tobacco Control Act of 2009, Pub. L. 111-31 (June 22, 2009) ("TCA"), expanded the FDA's regulatory powers to all tobacco products pursuant to the FD&C Act. In May of 2016, the FDA promulgated a rule "that deemed e-cigarettes to be 'tobacco products' subject to the [Family Smoking Prevention and Tobacco Control] Act's requirements." *Jooce v. Food & Drug Admin.*, 981 F.3d 26, 28 (D.C. Cir. 2020), *cert. denied,* 141 S. Ct. 2854 (2021) (citing Deeming Products To Be Subject to the Federal Food, Drug, and Cosmetic Act, as Amended by the Family Smoking Prevention and Tobacco Control Act, 81 Fed. Reg. 28,974, 28,976 (May 10, 2016) (codified at 21 C.F.R. §§ 1100, 1140, 1143) ("Deeming Rule")). "In this final rule, the FDA clarifies that although there are many types of [electronic nicotine delivery systems] ENDS (including e-cigarettes, e-cigars, e-hookah, vape pens, personal vaporizers, and electronic pipes), all are subject to FDA's chapter IX authorities with this final deeming rule." Deeming Rule at 29028. The FDA's authority also extends to "e-liquids," "flavors," "cartridges," "pods," and "atomizers." 21 U.S.C. § 321(rr); 21 C.F.R. §§ 1100.1-1100.3; Deeming Rule at 29016, 29074.

The 2009 TCA requires "new tobacco products," defined as "any tobacco product

... that was not commercially marketed in the United States as of February 15, 2007," to be FDA approved before the product may be sold in interstate commerce. 21 U.S.C. § 387j(a). Any "new tobacco products" that are not substantially equivalent to a pre-2007 tobacco product sold by the same manufacturer must undergo premarket review by filing a Premarket Tobacco Application (PMTA). *Id*. § 387j(a)-(b). The TCA, as detailed above, mandates FDA approval requirement to any products "deemed" to be "other tobacco products." 21 U.S.C. § 387a(b); 81 Fed. Reg. at 28,974; *Prohibition Juice Co. v. United States Food & Drug Admin.*, No. 21-1201, 2022 WL 2920823, at *4 (D.C. Cir. July 26, 2022) ("That means Prohibition Juice and other e-liquid manufacturers may not lawfully market their products without FDA approval. We rejected a challenge to that deeming rule in *Nicopure Labs*, sustaining both the Tobacco Control Act and its application to e-cigarettes.") (citation omitted).

### 1. FDA Warning Letter To Plaintiffs' Predecessors For Illegal Sales of Nicotine Products

On July 20, 2020, the FDA issued a warning letter to Cool Clouds Distribution, Inc. that the e-cigarette and e-liquid products sold on Plaintiffs' puffbar.com website were "adulterated under section 902(6)(A) of the FD&C Act. Dkt. 27-1, First RFJN Ex. 1. In addition, they [were] misbranded under section 903(a)(6) of the FD&C Act because a notice or other information respecting these products was not provided as required by section 905(j) of the FD&C Act," and demanded Plaintiffs' predecessor to indicate "the dates on which you discontinued the violative labeling, advertising, sale, and/or distribution of these tobacco products and your plan for maintaining compliance with the FD&C Act." *Id*. Cool Clouds, anticipating the FDA action based on its illegal sales, had assigned the Intent To Use ("ITU") applications to DS Technology Licensing, LLC ("DS Tech") on April 4, 2020 in violation of the antitrafficking rule, including the Puff Plus application at issue. Second RFJN Ex. 3. Neither Cool Clouds nor DS Tech responded within the allotted 15-day time period, but did shut down sales of the illegal products on

the puffbar.com website. First RFJN Ex. 2.

### 2. FDA Warning Letter To Plaintiffs

On October 6, 2022, the FDA sent a letter to EVO and PVG2 determining that the sales of the Puff products on puffbar.com were unlawful because Plaintiffs did not have a "marketing authorization letter." Second RFJN Ex. 1.

Because the FDA had not granted a marketing order, EVO's ENDS products were adulterated tobacco products pursuant to 21 USC § 387b. "The following acts and the causing thereof are prohibited: (a) the introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded." 21 U.S.C. § 331. Without an FDA marketing granted order, the FDA's finding of noncompliance and demand that sales be ceased, and Plaintiffs' cessation of sales of e-cigarettes and e-liquids, Plaintiffs concede that neither they nor their predecessor engaged in any legal sales of products under the purported Puff Marks. 21 U.S.C. § 331. Thus, the SAC – which merely deletes EVO's former claim that it acquired purported rights from their "predecessors in interest" and replaces it with the bald allegation that EVO "the current owner of the PUFF brand of e-cigarettes" – fails to state a viable trademark ownership claim. SAC ¶ 14. Nor does its fabrication of an ambiguous reference to a January 21, 2021 date comply with the Court's Order that a specific date of first use be provided. Order Dismissing FAC, Dkt. 43, 13:7-8.

Indeed, EVO's prior opposition did not dispute or object to AKG's RFJN (Dkt. 27-1 Ex. 1) attaching evidence of an FDA letter finding that Plaintiffs' predecessors' sales of nicotine products were unlawful, which constitutes a judicial admission. *Wilson v. Fitter*, No. CV 09-1162-DDP, 2009 WL 6908049, at *2 (C.D. Cal. Nov. 5, 2009), *report and recommendation adopted,* No. CV 09-1162-DDP, 2010 WL 3893992 (C.D. Cal. Sept. 30, 2010) ("The Court deems their failure to respond and/or object as a statement of non-opposition. Accordingly, plaintiff's request for judicial notice is granted."); *Gault v. SRI Surgical Express, Inc.*, No. 8:12-CV-1389-T-33TGW, 2012 WL 12905183, at *1 (M.D.

Fla. Sept. 26, 2012) (judicially noticing SEC filings where party failed to object).

Instead, EVO ineffectively argued that "[r]egardless of the legality of any actions by any predecessor in interest, Plaintiffs have adequately pled that they lawfully used their PUFF Marks in commerce prior to Defendants' first use." Dkt. 29, 8:28-9:2. EVO's argument fails because the predecessors' unlawful use could not establish goodwill in a mark to allow assignment of the ITU application, which is void for violating the antitrafficking rule.

### B.  Plaintiffs' Puff Plus Registration Is Void For Violating The Anti-Trafficking Rule – Twice – And The First Cause Of Action Should be Dismissed

Evo's first cause of action is based on an invalid registration and should be dismissed. Cool Clouds, in violation of the antitrafficking rule, assigned numerous ITU applications, including the Puff Plus ITU application no. 88729156, on April 23, 2020 to DS Tech. Second RFJN Ex. 3. Then on January 21, 2021 – in another violation of the antitrafficking rule – DS Tech assigned the Puff Plus ITU application to EVO, which has now registered as Reg. No. 6,907,497. First RFJN, Ex. 7; Second RFJN Ex. 2; SAC ¶ 16. Neither Cool Clouds nor DS Tech made any lawful use of Puff Plus mark prior to their respective assignments because they shut down all operations in response to the FDA's July 2020 finding that their sales were unlawful. First RFJN Exs. 1, 2, and 9.

The Lanham Act's anti-trafficking rule prohibits the assignment of an ITU application before a statement of use has been filed, unless the ITU application is assigned as part of the applicant's "ongoing and existing" business. 15 U.S.C. § 1060(a)(1); *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1289 (9th Cir 1992) ("'[T]he law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated.'") (citation omitted). Thus, if "the 'assignor' has made no trademark use of a designation, then there are no trademark rights to assign." *Oculu, LLC v. Oculus VR, Inc.,* No. SACV

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

14-0196 DOC(JPRx), 2015 WL 3619204, at *7 (C.D. Cal. June 8, 2015) (Carter, J.) (citation and quotations omitted).

The rule for improperly assigning an ITU application prior to actual lawful use is strictly enforced because "an intent-to-use application is not freely assignable." *Sebastian Brown Prods. LLC v. Muzooka Inc.,* No. 15-cv-01720-LHK, 2016 WL 5910817, at *6 (N.D. Cal. Oct. 11, 2016) (citation omitted) ("*Sebastian I*"). Therefore, "an intent-to-use application **cannot be assigned** before the applicant files a verified statement that he or she is using the mark, unless the part of the applicant's business that pertains to the mark is also assigned and that business is still 'ongoing and existing."' *Oculu,* 2015 WL 3619204, at *7 (emphasis added) (citing 15 U.S.C. § 1060(a)(1)). "Violating this 'anti-trafficking rule' voids the assignment as well as the underlying application and resulting registration," *id*., because the rule is intended to "prohibit 'trafficking' in marks: the buying and selling of 'inchoate' marks which as yet have no real existence." *Sebastian I,* 2016 WL 5910817, at *7 (citation omitted).

EVO's attempt to skirt the FDA's PMTA requirements by purportedly selling non-tobacco (synthetic) nicotine did not begin until February 19, 2021 at the earliest – well after the January 21, 2021, assignment. First RFJN, Exs. 7, 8, 9, and 10. Indeed, in a sworn Statement of Use to the PTO, EVO admitted that its date of first use of the Puff Plus mark was February 19, 2021. Second RFJN Ex. 5.

This Court can take judicial notice of the announcements on EVO's puffbar.com website that sales were stopped on August 2, 2020 and not resumed until February 19, 2021, especially because EVO never objected to the prior RFJN or disputed the authenticity of the website content. "A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir.2007)) citing Fed. R. Evid. 201(b); *Doron Precision Systems, Inc. v. FAAC, Inc.,* 423 F.Supp.2d 173, 179 n. 8 (S.D.N.Y.2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial

-7-

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  notice of information publicly announced on a party's website, as long as the website's
2  authenticity is not in dispute and 'it is capable of accurate and ready determination.'"
3  Citing Fed. R. Evid. 201(b); *Turner v. Samsung Telecoms. Am., LLC*, No. CV 13-00629-
4  MWF (VBKx), 2013 U.S. Dist. LEXIS 198631, 2013 WL 12126749, at *2 (C.D. Cal.
5  Nov. 4, 2013) (taking judicial notice of a party's website in part because the party did not
6  dispute its authenticity). Instead of disputing the authenticity of the puffbar.com website
7  printouts, EVO referenced the website content in its Opposition (Dkt. 29, 10:2-17) to
8  establish a first use date of February 19, 2021 – a judicial admission. *Mackin*, 551 F.
9  Supp. 2d at 1207 & n.2 (treating statements made by plaintiffs in their opposition to a
10 motion to dismiss as judicial admissions).

11  Thus, because DS Tech could not have lawfully used the marks in the assigned
12 ITU applications on or before the January 21, 2021 assignment to EVO, the FAC
13 "provides no factual allegations to support that [Plaintiff's] use the [Puff] Mark[s] in
14 commerce or that or that the [Puff] Mark[s] accrued goodwill prior to the assignment."
15 *Sebastian Brown Prods. LLC v. Muzooka Inc.*, No. 15-CV-01720-LHK, 2016 WL
16 949004, at *13 (N.D. Cal. Mar. 14, 2016) ("*Sebastian II*"). Similarly and independently,
17 the assignment from Cool Clouds to DS Tech violates the antitrafficking rule because no
18 use of the mark was made in commerce.

19  In *Sebastian I*, the court took judicial notice of the assignment documents although
20 they were not pleaded or attached to the FAC to conclude that the assignment did not
21 grant priority to plaintiff under the Lanham Act because the ITU application was void for
22 invalid assignment under Section 1060(a)(1). *Id*. ("Because Plaintiff fails to sufficiently
23 plead that the October 1, 2011 assignment complied with § 1060(a)(1), Plaintiff does not
24 sufficiently plead there were "any rights related to the Mark" available to assign in
25 December 2015."). Thus, the court concluded that plaintiff had "not plausibly alleged
26 that Plaintiff received the [mark] in a valid assignment…" *Id*. Also, "[g]iven that
27 Plaintiff has not pled priority based upon actual use of the [mark], Plaintiff fails to allege
28 any type of priority over Defendant" and the court granted the motion to dismiss the

-8-
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**


Lanham Act claim. *Id*. "Accordingly, for the same reasons that the Court dismisses Plaintiff's claims for common law trademark infringement and Lanham Act unfair competition, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL and common law unfair competition claims." *Id*. at *15, citing *Cleary*, 30 F.3d at 1263–64.

EVO does not even acknowledge its assignor let alone allege that DS Tech made lawful use of the marks in commerce before the assignment. Indeed, the Puff Plus registration on its face asserts a date of first use on February 19, 2021, a month after the improper January 21, 2021 assignment agreement date. Second RFJN Ex. 2; First RFJN Ex. 7. In fact, the sworn Statement of Use filed with the PTO on September 7, 2022 provides a date of first use a month after the assignment date. Second RFJN Ex. 5. Further, because EVO cannot allege any lawful prior use of the purported Puff Marks before Defendants' date of first lawful use, the FAC's Lanham Act and Section 17200 causes of action should be dismissed with prejudice.

### C. Plaintiffs' Section 1125(a) and Section 17200 Claims Should Be Dismissed For Failure To Provide A Plausible Date Of First Use Or Claim Senior Rights

The SAC fails to allege that EVO established any trademark rights prior to AKG and cannot do so because "only ***lawful*** use in commerce can give rise to trademark priority." *CreAgri, Inc. v. USANA Health Sciences, Inc.*, 474 F.3d 626, 630 (9th Cir. 2007) (emphasis in original); see also *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1125-26 (10th Cir. 2000) (acknowledging "well-reasoned proposition that shipping goods in violation of federal law cannot qualify as the 'use in commerce' necessary to establish trademark rights"). "It is a cardinal principle of federal trademark law that the party who uses the mark first gets priority." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). The Lanham Act protects the earlier lawful "***use*** of a mark in commerce." *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (emphasis in original).

The SAC's implausible single reference – contradicted by admissible evidence – that EVO immediately began commerce on January 21, 2021 (SAC ¶ 15) is contradicted by EVO's sworn statement to the PTO that the date of first use was purportedly February 19, 2021. Second RFJN Ex. 5. Thus, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (to determine if a plausible claim is alleged, the court need not "accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

"In order to prevail on a Lanham Act false designation claim or a common law trademark infringement claim, a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception." *Credit One Corp. v. Credit One Financial, Inc.*, 661 F.Supp.2d 1134, 1137 (C.D. Cal. 2009) (*citing* 15 U.S.C. §§ 1114, 1125). "This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to [ ] § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994).

"To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). But, again, "use in commerce only creates trademark rights when the use is *lawful*." *CreAgri,* 474 F.3d at 630 (emphasis in original). The party claiming it owns the trademark bears the burden to show that the trademark is valid and protectable. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927-28 (9th Cir. 2005).

EVO's SAC ignores the FDA's October 6, 2022 letter finding EVO's sales of any

"puff" products unlawful. Second RFJN Ex. 1. Because Plaintiffs' ENDS products could not have entered the stream of commerce lawfully, "it follows that any shipments in commerce not in compliance therewith constitute 'unlawful shipments' in commerce from which no trademark rights can accrue to properly form a basis for 'use of a mark in commerce'. . .". *I&I Hair Corp. v. Beauty Plus Trading Co. Inc.*, No. 3:20-CV-02179-M, 2021 WL 3930038, at *3 (N.D. Tex. July 13, 2021) (citing *In re Stellar Int'l, Inc.*, 159 U.S.P.Q 48, 1968 WL 8159 (T.T.A.B. 1968)). Thus, EVO fails to plead ownership of any trademark rights, i.e., the requisite element of any trademark infringement cause of action, let alone priority, and the SAC should be dismissed. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (noting that, to state a claim of unfair competition under the Lanham Act, plaintiff must allege ownership of a trademark).

Conversely, AKG's trademark application for the Puff Xtra mark swears to a December 2019 date of first use. Second RFJN Ex. 4. Where, as here, a plaintiff "merely relies on its conclusory allegation" that it is the senior user of the mark, but the allegations are "controverted by the exhibits" and establish that defendant is the senior user of the mark, the cause of action should be dismissed. *Drew Est. Holding Co., LLC v. Fantasia Distribution, Inc.*, No. 11-21900-CIV, 2012 WL 234105, at *4 (S.D. Fla. Jan. 24, 2012)

## IV. Conclusion

The Complaint fails to allege lawful use of any mark to establish any protectable rights or seniority and fails to plausibly plead any cause of action on which relief can be granted. EVO cannot plausibly cure the defects in the SAC because they cannot allege lawful sales of any nicotine products to establish any trademark rights. Further, the registration for the Puff Plus mark is void because there was no lawful use of the mark and therefore no goodwill to assign under the anti-trafficking rule. Both Cool Cloud's assignment of the Puff Plus ITU application to DS Tech, and DS Tech's subsequent

assignment of the mark to EVO violate the antitrafficking rule.  Thus, the registration is void and the first cause of action should be dismissed.  Further, EVO's federal and state common law trademark infringement and unfair competition law claims should be dismissed because EVO cannot plausibly allege lawful use of the mark or senior use not controverted by the evidence.

Dated:  March 30, 2023  Respectfully submitted,

By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendants
Al Khalifa Group LLC,
Overseek Investments, LLC,
Xtra Ecig LLC, and Mohammad Khalifa

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**